COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANIEL TAYLOR, | § | No. 08-08-00334-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20080D01487) |
| | § | |

**MEMORANDUM OPINION**

Daniel Taylor attempts to appeal his conviction for driving while intoxicated third or more.

Finding that Appellant has no right to appeal, we dismiss the appeal.

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:

> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX.R.APP.P. 25.2(a)(2).

Appellant filed a timely *pro se* notice of appeal, which included the trial court's certification of his right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The certification, signed by the trial court, indicates that the case is a plea-bargain case, and Appellant has no right to appeal.

Accordingly, we dismiss the appeal.

GUADALUPE RIVERA, Justice

January 15, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)